**Mina BECKMEYER et al.,**
**Plaintiffs-Appellants,**

v.

**Rudolph BEUC et al., Defendants-**
**Respondents,**
**The Principia Corporation, Intervenor-**
**Respondent.**

No. 31148.

St. Louis Court of Appeals.
Missouri.

April 16, 1963.

**10**

Tenney, Dahman & Mathewson, Edward H. Tenney, Jr., St. Louis, for appellant.

Husch, Eppenberger, Donohue, Elson & Jones, Shulamith Simon, St. Louis, for respondent, The Principia Corp.

Thomas Neenan, City Counselor, Thomas F. McGuire, Assoc. City Counselor, for defendants-respondents, Members of Bd. of Adjustment.

BRADY, Commissioner.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis affirming a decision of the Board of Adjustment granting an occupancy permit and thus permitting hotel usage of premises formerly used by the Principia Corporation, hereinafter referred to as respondent, as a dormitory for a school. The decision of the Board of Adjustment and of the Circuit Court constituted a reversal of the Building Commissioner of the City of St. Louis who denied the occupancy permit. The appellants are owners of property located near the building here involved.

The factual situation shown is that the three-story brick building of forty-seven rooms and twenty-six baths here in question was constructed in 1911 as a hotel under a permit authorizing such construction and was used as a hotel until 1920 when it was purchased by the respondent

who used it as a dormitory until 1960. The students paid a regular fee for the lodging they received. The rooms are arranged to have a bath between two bedrooms.

At the proceeding before the Board, the only property owner who objected and appeared was one Airel King who testified that a hotel would hurt the neighborhood. When he was asked if there was any difference in the occupancy between a school dormitory and a hotel, he stated "Just a different atmosphere."

Daniel I. Offner, deputy building commissioner, also appeared in opposition and testified that the use of these premises as a hotel ceased in 1920 and that under the zoning ordinance a non-conforming use loses its standing if discontinued for a period of ten years. That under the ordinance now in effect this type of building would be permitted to be used as a dormitory by his office even in an "A" zoned or single-family district and so would not now constitute a non-conforming use. When asked for what other purpose the building could be used, the witness answered "Well, I don't know."

Mr. Geisel, plan examiner for the building division, appeared in opposition and testified that the certificate of occupancy was denied because it would authorize a multiple-family use not permitted in a "B" zone, a violation of Section 8–A of Ordinance 45309; and that there is no record of a non-conforming use for any other than an "A" or "B" zone. He testified that "A dormitory comes under an accessory type building for a school. A hotel is a commercial type building used for living purposes for a short time."

On behalf of respondent, Burtran T. Clark, secretary of respondent corporation, testified as to the original use of the building and the length of use as a dormitory. He further testified that the respondent was interested in selling the property and that hotel usage is the only "logical" use for the premises; that if the building cannot be used for that purpose "* * * we would have to tear it down—it would be of no value unless it can be used for the purpose for which it was originally intended."

The witness Remsbecker, a real estate dealer and sales representative for the property, testified that the building is in a two-family dwelling area and that "* * * we can't sell the property unless we get an occupancy permit."

The Board reversed the building commissioner: "* * * on the grounds that the testimony revealed that this building was built in 1911 as a hotel under Building Permit H-610. The building was used as a hotel until 1920 when the use started as a dormitory for students at Principia College, and it was occupied from 1920 to 1960 as a dormitory for students who paid dormitory fees for a fully furnished room. The evidence reveals that the use of the building has been continuous, and having started prior to the 1926 zoning law, the Board is of the opinion that this is a non-conforming use. To deny the permit would be a hardship and that the use of the property in this manner is in the spirit of the zoning ordinance."

■ The scope of our review in the instant case is to be distinguished from that in those cases where no additional evidence is offered at the hearing on the petition for review before the Circuit Court. In such cases, the record of the proceedings before the Board are all the Circuit Court has before it and thus is all that appears when the case reaches this court. In this event, our review is the same as that of the Circuit Court and is limited to whether or not, in the proceedings before the Board, there was competent and substantial evidence to support the Board's findings. Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491, certiorari denied, 344 U.S. 913, 73 S.Ct. 336, 97 L.Ed. 704; Carlyle-Lowell, Inc. v. Ennis, Mo.App., 330 S.W.2d 164. In the instant case, the trial court received additional evidence in the form of both exhibits and testimony. Authority to do so is found in Sec-

tion 19–D–5 of Ordinance 45309 which is practically identical to the language used in Ordinance 35003 (amended by Ordinance 35009), effective 1926, the first zoning ordinance concerning this building and the same section was left unamended in Ordinance 50547, effective 1961, which amended other sections of Ordinance 45309. This provision reads:

" * * * If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, · or may modify the decision brought up for review."

Section 89.100 RSMo 1959, V.A.M.S., is in identical language. In Cunningham v. Leimkuehler, Mo.App., 276 S.W.2d 633, a 1955 decision of this court, it was held that the above provisions of the ordinance do not make the review by the Circuit Court de novo. The additional evidence and testimony before the Circuit Court is therefore available to this court so that our inquiry encompasses both the proceedings before the Circuit Court and those before the Board. If therein is found competent and substantial evidence to support the Board's decision, that decision must be affirmed.

In the proceedings in the Circuit Court, the appellants' case consisted of the transcript of the proceedings before the Board and the introduction of three ordinances. Exhibit 1 was Ordinance 45309 with amendments comprising the zoning ordinances of the City of St. Louis effective May 26, 1950. Exhibit 2 was Ordinance 35003 as amended by Ordinance 35009, as to which it was stipulated that this was the first zoning ordinance covering this building and effective May 26, 1926. Exhibit 3 was Ordinance 50547, effective May 13, 1961 which amended the ordinance introduced as Exhibit 1. It was also stipulated that this building is in a Type "B" or two-family zoned district.

The respondent corporation produced Lee McCandless, secretary of the respondent, who testified that he had been a student at the school and knew this building had been used as a hotel prior to its purchase by the respondent; that until 1926 some "wage earners," respondent's employees, rented quarters in the basement of the building; that "supervisory personnel" have rented quarters in the building from its purchase in 1920 until the respondent vacated it; that until 1926, food was served in the building but this has not been done since that time; that charge for room and board was made against the students who lived in the building and the respondent furnished everything in the rooms except blankets; and that some parents stayed in the building at commencement and at other times. The witness also testified that in 1958 respondent applied for and received a certificate of occupancy and identified Exhibit A as the certificate received. This was later introduced into evidence and reads as follows:

"CERTIFICATE OF OCCUPANCY
"THIS CERTIFIES that the property at 5512 ETZEL (erected 11–21–11 H–610 3 str Hotel) is in the 'B' Two Family Zoning District and may be used for Hotel-Dormitory which usage is permissible in the 'B' Two Family Zoning District in accordance with the provisions of ordinance 45309 as amended.
Issued To THE PRINCIPIA CORP
      5539 PAGE               A. H. BAUM
IN ADDITION AN OCCUPANCY    Building Commissioner
   PERMIT IS REQUIRED       PER  (signed) S.S."

Arthur A. Schneider testified on behalf of respondent, after stating his experience and qualifications, that the "highest and best" usage of the property would be hotel usage and that this opinion was based upon the type of construction of the building and the surrounding property. He testified that in the same block on the same street as this building are other structures not two-family dwellings; his exact testimony was:

"A. On the north side of Etzel there are—there is one one story building, four four family buildings, flats, and within the same city block on the north side and across Montclair and on the southwest side of Etzel Avenue, from 1204 to 1216 Montclair Avenue is a row of four family flats. Then in the same city block as the subject parcel, which fronts on Belt Avenue, are two four family flat buildings and one three story apartment building.

"Q. And located on the northeast corner of Page and Belt, which is directly catty-corner from the subject property, what is that type of building?

"A. Store and flat building, store on the first floor with flats above it."

This witness further testified that in his opinion usage of this building as a hotel would not adversely affect but would benefit the neighborhood; and that, except for conversion into an apartment housing more than two families, the building could not be used for any purpose other than a hotel. On cross-examination, Schneider testified that the nearest hotel building was now used as an old folk's home and was located several blocks west of this building; that hotels are zoned in "E" districts; that the witness would not state without a study whether this building could be converted to apartments and rented on an economically feasible basis; and that on Bartmer Street, shown by the exhibits to be the next street south of Etzel on which this building is located, and on the same block as the subject building, there are four-family flats.

Respondent also introduced Ordinance 48338 which prescribes the regulations for rooming, boarding and lodging houses and hotels.

At appellants' request, the submission of the case was set aside and they were allowed to file their names and addresses. This list shows that of the thirty-four objectors who filed this proceeding, two lived on Etzel in the 5700 block, eight lived on Etzel in the 5500 block, four lived on Bartmer in the 5300 block, nine lived on Bartmer in the 5400 block, ten lived on Bartmer in the 5500 block and the rest lived on Julian and Page. The building which is the subject of this controversy is located at 5512 Etzel at the corner of Etzel and Belt.

The trial court found that there had been a lawful non-conforming use for 5512 Etzel Avenue for hotel purposes established under the evidence and that there was evidence to support the finding of the Board of Adjustments that the denial of the occupancy permit would constitute an unnecessary hardship within the meaning of Section 916.050 of the revised code of the City of St. Louis, 1960, (being Section 19-D-5 of Ordinance 45309) and sustained the Board. It is obvious that if either of the reasons assigned by the Board and the trial court can be reasonably supported from the whole record before us, then that decision must be affirmed.

Section 19-D, 4, of Ordinance 45309, now Section 916.050 of the Revised Code of the City of St. Louis, reads as follows:

"4. In passing upon appeals, where there are practical difficulties or unnecessary hardship in any way of carrying out the strict letter of this ordinance, to vary or modify the application of any of the regulations or provisions of this ordinance relating to the use, construction or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."

14

As was held in Carlyle-Lowell, Inc. v. Ennis, Mo.App., 330 S.W.2d 164, l. c. [2], [3], pp. 168–169:

"[2] There is and can be no all-inclusive definition of what constitutes sufficient difficulty and hardship to warrant the granting of a variance under zoning regulations. Whether or not such difficulties and hardships exist is a question of fact as to which the Board, an administrative body, is to be accorded a wide discretion. As stated by Yokley Zoning Law and Practice, 2d Ed., Vol. 1, Sec. 142, p. 350:

"[3] 'In determining whether to authorize a variance from the terms of the zoning ordinance because of special conditions making enforcement of the ordinance inequitable, the board of appeals is vested with a wide discretion and the courts will not interfere with that discretion unless it is abused.'

"Similarly McQuillin on 'Municipal Corporations,' 3rd Ed., Vol. 8, Sec. 25.167, p. 394, states:

" 'Whether or not an unnecessary hardship exists may be a question of fact to be determined from the particular facts by the zoning board or other appropriate public body or officers.' "

McQuillin's work, supra, at Section 25.167, pp. 394–395 also states that " * * * The one applying for or seeking the variance has the burden of showing the hardship to himself. * * *"

It is this court's opinion that the respondent bore its burden of proving hardship to the extent that it cannot be said that the Board's action was an abuse of its discretion and, absent that, we cannot interfere. The appellants contend that all the evidence shows as to hardship is that if this permit is not granted respondent will be unable to make the greatest profit possible. We cannot agree and are persuaded of the inaccuracy of appellants' position by a reference to their own citation from the

McQuillin text, supra, at Section 25.167, p. 389, that: "The criterion for determining 'unnecessary hardship' has been said to be whether the zoning limitation, viewing the property in the setting of its environment, is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private property." The respondent's witness Clark testified hotel usage was the only logical use for the premises and that if the building could not be so used, the respondent would have to tear it down as of no value. The witness Schneider testified that except for conversion into multifamily apartments, a use that would also be in violation of the restrictions appellants seek to enforce, this building could not be used. There is not one iota of evidence to the contrary and, in fact, when asked for what other purpose the building could be used, the deputy building commissioner was unable to give another use. The undisputed evidence, therefore, is that this building could only be used for the non-conforming use of a hotel or for the equally non-conforming use of multiple—as contrasted with two family—apartments. So far as this record discloses, unless put to a non-conforming use, this property is valueless. It is obvious that such an evidentiary situation goes far beyond the mere loss of profit even though that element is one that can be considered in determining whether hardship exists. Carlyle-Lowell, Inc. v. Ennis, supra.

Again referring to appellants' own citation from the McQuillin text, as set out above, this property should be viewed in the light of its environment. The evidence is undisputed that while this is technically a "B" or two-family zone, there are four-family flats and other violations of that zoning restriction across Etzel Street, on the same block to the rear of this building on Bartmer, on Belt, and at the other locations in the immediate vicinity of the premises here involved. This fact may have had something to do with the issuance by the building commissioner as late as 1958 a certificate of occupancy which referred to

the usage of this building as "Hotel-Dormitory" and further stated that such " * * * usage is permissible in the 'B' Two family zone * * *." A statement to the contrary of the building commissioner's position in this case. In any event, the fact of the earlier permit is some evidence, whatever weight may be assigned to it, as to whether or not the denial of this permit by the building commissioner would be so unreasonable as to be characterized as arbitrary and capricious.

Under the factual situation presented by this record, we cannot find the action of the Board to have been an abuse of discretion or a decision unsupported by competent and substantial evidence. Accordingly, the judgment of the Circuit Court should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

ANDERSON, P. J., SAM C. BLAIR and PHIL H. COOK, Special Judges, concur.