Leo M. MULLEN, M.D., Appellant,

v.

CITY OF KANSAS CITY, Missouri, a Municipal Corporation, and Board of Zoning Adjustment, Respondents.

No. KCD 28399.

Missouri Court of Appeals, Kansas City District.

Oct. 11, 1977.

Haskell Imes and Allan R. Browne of Ennis, Browne, Martin & Tapp, Kansas City, for appellant.

Aaron A. Wilson, City Atty., James C. Bowers, Jr., Asst. City Atty., Kansas City, for respondents.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

SWOFFORD, Presiding Judge.

This appeal involves an attempt by the appellant to establish a legal nonconforming use status under Missouri Zoning Ordinances for a horse breeding farm at 7611 Sycamore in Kansas City, Missouri, zoned for single family dwellings. Appellant's application for such authority was denied by the Board of Zoning Adjustment (Board) after two evidentiary hearings, and he filed his petition for review, as provided by law, in the Circuit Court. That court affirmed the Board's ruling, finding that there was competent and substantial evidence to support the Board's decision denying appellant's request for a special permit for nonconforming use of the property for horse breeding purposes and, thereafter, denied a rehearing. This appeal followed in due course.

The appellant advances two points upon which he seeks reversal. His second point will be initially considered because, if meritorious, it disposes of the entire appeal. He asserts that, since the Board made no findings of fact and no declarations of law, "the orders of the court (below) were illegal and without authority" because "the circuit court was afforded no way to make its determination as to the propriety of the Board's decision". It is true that the Board's duty is to find and determine the facts. *Veal v. Leimkuehler,* 249 S.W.2d 491, 496[9–12] (Mo.App.1952); *McKinney v. Board of Zoning Adjustment of Kansas City,* 308 S.W.2d 320, 322[1, 2] (Mo.App. 1957).

Appellant, however, cites no cases or other authority supportive of his position that the Board must make *written* findings of fact. No such requirement is found in the Zoning Ordinances of Kansas City nor in Chapter 89, RSMo 1969 (Zoning and Planning), nor in the case law. The cases relied upon by appellant which require reversal for lack of written findings of fact and conclusions of law deal with boards or administrative bodies governed by Chapter 536 RSMo 1969 (Admr. Procedures & Review). These statutes do not deal with nor apply to municipal zoning board decisions. *Cohen v. Ennis,* 314 S.W.2d 239, 244[3, 4] (Mo.App.1958); Reed, "The 1945 Constitution and Administrative Agency Legislation", 19 Univ. K.C.Law Rev., 282, 287 (1950–1951); Section 536.100 RSMo 1969.

Moreover, the appellant concedes in his brief that the evidence before the Board was not in any dispute or material conflict (App. Brief, pp. 5–6) and he made no request for any written findings or conclusions to the Board, nor did he assert any error based upon the lack thereof in his petition for review or certiorari in the court below. This second ground or point on this appeal is without merit and is ruled against appellant.

The appellant's first point, in summary, is that under the undisputed evidence the property in question has been used for horse breeding purposes for such a time before the imposition of a zoning ordinance restricting its use to single family dwellings that a "*de facto* horse breeding farm situation was established" i. e. an undisputed nonconforming use. Therefore, the appellant argues, the Board's orders were without reasonable basis and "against the overwhelming weight of the evidence."

It should be here noted that no additional evidence was heard in the Circuit Court and its decision, now under review, was based solely upon the transcript of the testimony before the Board. Under such circumstances the scope of this court's review is whether or not, in the proceeding before the Board, there was competent and substantial evidence to support the Board's order. *Beckmeyer v. Beuc,* 367 S.W.2d 9, 11[1, 2] (Mo.App.1963); *Pearce v. Lorson,* 393 S.W.2d 851, 854[1] (Mo.App.1965).

The property in question consists of approximately 6 acres of land, and was annexed to Kansas City, Missouri in 1957 and became subject to the municipal zoning law. It is conceded that the area in which this property is located by such annexation became zoned for single family dwellings and that the use made of the property by appellant was nonconforming. It was by application to the city for permission to legally continue such use that this proceeding was initiated.

Section 65.020 of the zoning ordinance defines a nonconforming use as "one that does not, by reason of use, size or design comply with the regulations of the district or districts in which it is situated." Section 65.230 provides that a lawful nonconforming use existing at the time the zoning became applicable may be continued with certain exceptions. Such lawful nonconforming use may not be changed to a lower use nor may it be discontinued or abandoned and then resumed after a lapse of six months. Section 65.230(7). The Commissioner of Buildings and Inspections is authorized to issue certificates of occupancy for all lawful nonconforming use.

All zoning ordinances must contain provisions exempting from their imme-

diate operation existing nonconforming uses. *City of Monett, Barry County v. Buchanan,* 411 S.W.2d 108, 115[10] (Mo.1967), and nonconforming uses or structures existing at the time of the effective date of a zoning ordinance may be continued. *State ex rel. Capps v. Bruns,* 353 S.W.2d 829, 830[1] (Mo.App.1962). A legal nonconforming use must be a continuance of the same or similar use and not some other kind of nonconforming use. *Royal Meat Products Co. v. Kansas City,* Mo., 240 Mo.App. 688, 214 S.W.2d 713, 717[1, 2] (1948); 8A McQuillin, Municipal Corporations, Sections 25.202–25.212a (1976). The spirit of zoning ordinances is to decrease and diminish nonconforming uses in the public interest. *Hoffman v. Kinealy,* 389 S.W.2d 745, 750[4] (Mo. banc 1965).

■ In this type of proceeding the burden of proof was upon appellant to establish the lawful and continued existence of the use of the property at 7611 Sycamore as a horse breeding farm from 1957, the date of annexation, to the present time. *Kansas City v. Wilhoit,* 237 S.W.2d 919, 922[1–3] (Mo.App.1951).

■ Keeping in mind the limited scope of review imposed upon both the court below and on this court to search the record to ascertain if the Board's action in denying appellant's request was based upon substantial and competent evidence, the testimony may be thus summarized:

The area in which this property is located consists of large home tracts and many of the residents keep animals, including horses. Mr. and Mrs. Constantine owned and occupied the property from 1962 to 1971 and sold it to the appellant; they knew there were horses on the property as early as 1946 before they acquired it; and after they acquired the property they kept horses thereon for their own personal, recreational and family use, but did not breed them. Occasionally a mare would foal and they would usually sell the colt but they were not in that business and did not breed horses on the place.

Mr. Anders, who took care of the place and horses for the appellant, testified in some detail as to his activities and duties and that the principal activity on the place was "stock raising".

The appellant testified that he purchased the property in 1971 for use as a "riding academy" and secured an occupational license for such use. He did not make his home there. He constructed nine additional horse stables on the property. In 1971, there were seven horses there and at the time of his testimony there were fifteen and at times as many as twenty-five. Currently the property is used for horse breeding purposes. He inspected the property 30 days before he purchased it and he observed the property was used for "stabling of horses". There were three horses on the property at that time.

Each case of this nature usually involves many facets and each differs materially, one from the other. Each must be determined upon its peculiar facts. For those interested many of these cases are collected at Annot., "Zoning: changes, repairs or replacements in continuation of non-conforming use", 87 A.L.R.2d 4 (1963).

The conclusion is reached that the Board had before it substantial competent evidence to find that the property involved was not used as a horse breeding farm at the time of its annexation in 1957; that horses were kept there only for the resident family's enjoyment; that appellant changed this use into a commercial venture; that he thus discontinued the preexisting use; and was not entitled to a permit to continue a legal nonconforming use as contemplated in the Zoning Ordinances of Kansas City.

The judgment of the court below upholding the Board's action is affirmed.

All concur.