**DRURY DISPLAYS, INC., Appellant,**

v.

**BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS,**
**Respondent.**

No. 59343.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 2, 1992.

Steven M. Hamburg, Theresa Counts Burke, St. Louis, for appellant.

Robert McNicholas, David R. Bohm, James J. Wilson, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Appellant Drury Displays, Inc., (Drury), applied for a permit to construct a billboard

in the City of St. Louis. The application was denied by the Community Development Commission (CDC) and the City Building Commissioner. Drury appealed the denial of the permit to the Board of Adjustment (Board). The Board held a hearing at which Drury's attorney testified in support of the application and several witnesses testified in opposition. Subsequently, the Board issued an order upholding the Building Commissioner's denial of the permit.

Drury then instituted this action seeking judicial review of the Board's decision. The trial court upheld the denial of the permit. In a detailed memorandum of law, the court stated the failure of Drury to introduce the relevant portion of the city ordinance governing the application for a billboard permit into evidence before the Board effectively precluded judicial review of the Board's exercise of discretion. Drury appeals, we affirm.

 Where, as here, the decision of the circuit court was based solely upon the transcript of the proceedings before the Board, our jurisdiction is limited to a review of those proceedings. *Eubanks v. Board of Adjustment*, 768 S.W.2d 624, 627 (Mo.App.1989). We review the decision of the Board, not the judgment of the circuit court. *Sandbothe v. City of Olivette*, 599 S.W.2d 38, 39 (Mo.App.1980). It is the duty of an appellant to furnish a transcript containing the record of the proceedings which he desires to have reviewed. Rule 81.12; *Cooper v. General Standard, Inc.*, 674 S.W.2d 117, 122 (Mo.App.1984). Drury has failed to furnish us with a transcript of the proceedings before the Board. This failure causes the record presented to us to be inadequate for appellate review.

 Moreover, the trial court concluded that Drury's failure to introduce into evidence before the Board the provisions of the governing ordinance which set forth the standards to be applied by the Board in determining whether or not to issue a billboard permit prevented the court from assessing the legality of the Board's action. Accordingly, the court held that Drury had failed to sustain its burden of proving the Board's action was arbitrary or illegal.

Drury urges us to abolish the long-standing rule that courts may not take judicial notice of city ordinances. *See, Consumer Contact Co. v. State Dept. of Revenue*, 592 S.W.2d 782, 785 (Mo.banc 1980); *General Motors Corp. v. Fair Employment Practices Div.*, 574 S.W.2d 394, 400 (Mo.banc 1978). Our function is not to change the law but to follow the decisions of the Missouri Supreme Court. Const. of Missouri, Art V, § 2. We agree with the circuit court that Drury, which had the burden of proof before the Board, omitted proof of an essential element of its case by failing to introduce the ordinance into evidence.

The judgment of the circuit court affirming the decision of the Board of Adjustment is affirmed.

SMITH, P.J., and SATZ, J., concur.