Stephen ZWICK and Robin Zwick, Appellants,

v.

**BOARD OF ADJUSTMENT OF THE CITY OF LADUE, Respondents.**

No. 62337.

Missouri Court of Appeals, Eastern District, Division Three.

May 4, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 10, 1993.

Application to Transfer Denied Aug. 17, 1993.

Norman Sidney London, Thomas James Cotter, St. Louis, for appellants.

F. Douglas O'Leary, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Stephen and Robin Zwick, appeal a ruling of respondent, The Board of Adjustment of the City of Ladue, denying them a zoning variance for a tennis court. We affirm.

Appellants are property owners in the Fordyce Lane subdivision in Ladue. When they bought their house in 1987, they began a lengthy remodeling and improvement project. Appellants completely remodelled the house and replaced the existing swimming pool with a larger, more modern one. All these improvements complied with existing zoning and permit requirements.

As a final improvement, appellants wished to construct a tennis court on their property. However, due to the topography of the site, the only place a tennis court could be located was and is at the extreme southwest corner of appellants' property. Unfortunately for appellants, Ladue has a fifty foot setback requirement as part of its zoning ordinance. This setback requirement would have prevented appellants' construction of their tennis court.

Appellant Stephen Zwick allegedly discussed construction of the tennis court and the setback problem with Ladue's Deputy Building Commissioner, Richard Schneider. Appellant alleged Schneider told him he could ignore the setback provisions, as long as he received the approval of the Fordyce Lane Subdivision trustees and the Metropolitan Sewer District. Richard Schneider admitted having conversations with appellant, but denied he ever told appellant he could ignore Ladue's setback requirements.

Construction of the tennis court began in the Fall of 1989, and lasted roughly one year, costing appellants approximately $50,000.00 for construction and landscaping. On June 3, 1991, appellants received a letter from Schneider advising them they would need to procure a building permit for the tennis court. Appellants applied for a permit, and their application was denied on July 8, 1991, due to Ladue's setback requirements.

Appellants appealed to Ladue's Zoning Board of Adjustment seeking a variance of the fifty foot setback. A hearing was held on October 28, 1991. Neighbors, appellant Stephen Zwick's parents among them, submitted letters to the Board voicing no opposition to the proposed variances. Nonetheless, the Board voted to deny appellants' request for a variance. Ladue's zoning

ordinance was not introduced into evidence at the hearing.

Appellants filed for a writ of certiorari in the Circuit Court of St. Louis County. Once in the circuit court, respondent filed a motion for remand to have the ordinance made a part of the record. Over appellants' objection, respondent's motion was granted and the ordinance was made part of the record.

On June 22, 1992, the circuit court entered an order and judgment in favor of respondent. This appeal ensued.

On appeal, appellants contend the circuit court erred by remanding the case back to the Board of Adjustment for reception of Ladue's zoning ordinance into the record.

■ RSMo § 89.110 (1986), governing review of decisions from municipal boards of adjustment, provides in pertinent part:

If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which a determination of the court shall be made.

This provision has been interpreted in *State ex rel. Weinhardt v. Ladue Professional Building, Inc.*, 395 S.W.2d 316 (Mo.App., St.L.D.1965). In *Weinhardt*, this court correctly realized the dilemma posed by RSMo § 89.110: in some cases, the court must admit evidence not originally before the Board of Adjustment; however, in so doing, the court must remain a court of review and avoid a trial *de novo* on the merits. The court's solution was to allow further evidence only on matters of procedure before the Board. Any evidence on the actual merits would, of necessity, be excluded. *Id.* at 321.

■ In situations such as the one before us, however, the circuit court's authority is very clearly delineated by the cases of *Comfort v. County Council*, 822 S.W.2d 460 (Mo.App., E.D.1991), and its precursor, *Consumer Contact Co. v. State, Dept. of*

*Rev.*, 592 S.W.2d 782 (Mo. banc 1980). These two cases unambiguously declare that a reviewing commission or court cannot remand a case to the administrative agency for reception or consideration of an ordinance, unless (a) the ordinance could not have been introduced at the initial hearing in the exercise of reasonable diligence, or (b) the ordinance was improperly excluded from evidence at the initial hearing. *Comfort*, 822 S.W.2d at 462; *Consumer Contact*, 592 S.W.2d at 787. Applying these cases to the one at bar, the circuit court's remand was certainly error.

■ Error, however, is not always prejudicial, and the instant matter is just such a case. On the facts before us, the initial hearing was before the respondent Board of Adjustment. In that hearing, the appellants were seeking a variance of the setback requirements in the zoning ordinance. Both the right and the method for seeking a variance lies in the ordinance itself. Because appellants were seeking a variance based on the ordinance itself and the procedures enumerated therein, the burden was upon them, and not respondent, to introduce the ordinance into evidence. *Drury Displays, Inc. v. Board of Adjustment of the City of St. Louis*, 832 S.W.2d 330, 331 (Mo.App., E.D.1992). By proceeding on the terms in the ordinance, appellants are estopped to raise this point now. Point denied.

■ For their second and last point, appellants contend the circuit court erred by finding the ordinance applied to appellants' tennis court. Because appellants failed to raise this point before the Board of Adjustment, we find no error. This court reviews the ruling of the administrative agency, not that of the circuit court. *Americare Systems, Inc. v. Missouri Dept. of Social Services*, 808 S.W.2d 417, 419 (Mo.App., W.D.1991). The standard of review for a case such as this is whether the Board of Adjustment's action is supported by competent and substantial evidence upon the whole record. *State ex rel. Rhodes v. City of Springfield*, 672 S.W.2d 349, 355 (Mo.App., S.D.1984). The court may not substitute its own judgment for

that of the Board. The court of appeals is not vested with power to supervise the zoning discretion lodged in the Board of Adjustment. *State ex rel. Meyer v. Kinealy,* 402 S.W.2d 1, 5 (Mo.App., St.L.D.1966).

■ We find *Weinhardt* controlling here. In the *Weinhardt* case, appellants brought up an issue regarding building height for the first time on appeal. This court stated:

> The ... claim of illegality of building height was not presented to, considered by, nor ruled on by the Board. And, as previously ruled herein, in the Circuit Court evidence is limited to issues of procedural legality, and may not extend to the merits of the case.... Neither we nor the circuit court can review a matter unless it was first presented to and passed upon by the Zoning Board ...

*Id.* at 322. We can only agree. Point denied.

The judgment of the Board of Adjustment of the City of Ladue is affirmed.

SMITH, STEPHAN, JJ., concur.