Arthur J. SCHWARTZ and Liberty Auto Salvage Co., Respondents,

v.

The BOARD OF ADJUSTMENT OF the CITY OF ST. LOUIS, Appellant.

No. 67402.

Missouri Court of Appeals, Eastern District.

Sept. 26, 1995.

James L. Matchefts, St. Louis, for appellant.

Caroline L. Hermeling, William Buchholz, II, St. Louis, for respondents.

WILLIAM E. TURNAGE, Senior Judge.

Arthur J. Schwartz, individually and as owner of Liberty Auto Salvage Co., applied to the Building Commissioner of the City of St. Louis for an occupancy permit for the operation of an auto recycling lot with open storage at 3729–45 Cass. The Building Commissioner denied the permit and Schwartz appealed to the Board of Adjustment. The Board upheld the decision of the Building Commissioner and on appeal to the circuit court the decision was affirmed in part and reversed in part. Schwartz and the City have appealed to this court. Reversed and remanded.

Schwartz obtained a certificate of occupancy in 1971 for the property at 3729–3745 Cass for the "display, sale and storage of used auto parts and sections, and component assembled used auto parts, units, equipment and accessories. No hot cutting of autos done." In 1986 the property occupied by Schwartz and Liberty Auto Salvage Company was placed in District G in a new zoning ordinance. That district does not allow a salvage yard or auto recycling lot with open storage.

In 1994 Schwartz applied for a certificate of occupancy based on the fact that he had a certificate of occupancy issued in 1971 for his property. Since the 1971 certificate was issued, Schwartz had torn down a building which was located on the property.

The Building Commissioner denied the certificate and Schwartz took an appeal to the Board of Adjustment. At the hearing before the Board, Schwartz introduced a copy of his 1971 certificate of occupancy and stated that his use of the property now was the same as then except that he had torn the building down. He said he tore the building down because the lot was beginning to look like a garbage dump because people had run into the fence and had discarded used tires there. Schwartz stated he felt the best way to clean up the lot was to tear the building down, put up a new fence and continue the auto salvage business he had been conducting there.

The Board issued a decision which stated "a sufficient showing of practical difficulty and/or unnecessary hardship has not been made with respect to the subject property. The Board, therefore, upholds the decision of the Building Commissioner to refuse to issue a permit at this time."

Schwartz appealed the decision to the circuit court. The court reversed the decision as to the vacant part of the lot because it

found a nonconforming use, but held there was no nonconforming use as to the portion of the lot formerly occupied by the building because it had not been used as open storage.

The City appealed from the decision of the court and contends that by tearing down the building Schwartz abandoned his use of the entire lot and lost any right to claim a nonconforming use as to the entire lot. Schwartz appeals and contends that he had used the building in the auto recycling business and therefore he was entitled to a certificate of occupancy based on nonconforming use because the entire property continued to be used for the auto salvage business as it had been since 1971.

On this appeal, this court reviews the decision of the Board and not the judgment of the circuit court. *Drury Displays, Inc. v. Board of Adjustment of the City of St. Louis,* 832 S.W.2d 330, 331 [1, 2] (Mo.App.1992).

In reviewing the decision of the Board, it becomes immediately apparent that the decision is entirely unresponsive to the issues raised by Schwartz in his appeal to the Board. The issue presented was whether or not Schwartz was entitled to a certificate of occupancy based on a nonconforming use since 1971. The Board ignored that issue and instead decided that there was no practical difficulty or unnecessary hardship shown. These terms are applicable when a person seeks a variance to use property in a manner which a zoning ordinance prohibits. *Matthew v. Smith,* 707 S.W.2d 411, 413 (Mo. banc 1986). On the other hand, a nonconforming use is a use which existed at the time a zoning ordinance was passed. Thereafter, the use may be continued even if such use is not permitted on such property under the zoning ordinance. *Id.* at 418.

In this case Schwartz did not appeal to the Board to obtain a variance. Rather, his appeal was based on the fact that he was entitled to continue to use his property for an auto recycling lot with open storage because the property was devoted to that use prior to the passage of the 1986 ordinance and such use had continued to the time of the hearing before the Board. In deciding that Schwartz was not entitled to a variance, the Board failed to pass on the question of whether or not Schwartz was entitled to a certificate of occupancy by reason of his nonconforming use. In *State v. Ladue Professional Building, Inc.,* 395 S.W.2d 316, 322 [10] (Mo.App. 1965), this court held that neither the court of appeals nor the circuit court "can review a matter unless it was first presented to and passed upon by the Zoning Board...."

The Board did not pass upon the issue of whether or not Schwartz and Liberty Auto Salvage were entitled to a certificate of occupancy by reason of a nonconforming use. Under *Ladue Professional Building,* this court cannot review the decision of the Board of Adjustment because the question of a nonconforming use was not passed upon by the Board.

The judgment is reversed and this cause is remanded to the circuit court with directions to remand this cause to the Board of Adjustment with directions to hear such evidence as may be presented bearing on the issue of whether or not Schwartz and Liberty Auto Salvage are entitled to a certificate of occupancy based on a nonconforming use. The Board shall be directed to issue a decision which decides that issue.

DOWD, P.J., and BLACKMAR, Senior Judge, concur.