STATE of Missouri, ex rel. COOPER-
ATIVE ASSOCIATION NO. 86 OF
AURORA, MISSOURI, Appellant,

v.

BOARD OF ZONING ADJUSTMENT OF
THE CITY OF AURORA, MISSOURI,
et al., Respondents.

No. 22076.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 26, 1998.

Rehearing Denied Sept. 15, 1998.

Rodric A. Widger, Andereck, Evans, Milne, Peace & Baumhoer, L.L.C., Springfield, for appellant.

Ryan F. Ricketts, Marionville, for respondents.

CROW, Judge.

Cooperative Association No. 86 of Aurora, Missouri ("Co-op") asked the Planning and Zoning Commission[1] ("Commission") of the City of Aurora for permission "to store and sell grain and feed" on Co-op's property in a "C–2" zone in that city. Commission denied the request.

Co-op appealed Commission's decision to the Board of Zoning Adjustment[2] ("Board"), which affirmed Commission's decision.

Co-op then petitioned the Circuit Court of Lawrence County ("the trial court") for judicial review of Board's decision per § 89.110, RSMo 1994.[3] The trial court entered judgment affirming Board's decision.

Co-op brings this appeal from that judgment.

■ As Co-op points out, this court reviews the decision of Board, not the judgment of the trial court. *State ex rel. Barnes v. Hunter,* 867 S.W.2d 282, 283[1] (Mo.App.

S.D.1993); *Zwick v. Board of Adjustment of the City of Ladue,* 857 S.W.2d 325, 327[5] (Mo.App. E.D.1993).

The statement of facts in Co-op's brief does not enlighten us about the provision of the Zoning Code[4] relied on by Board in upholding Commission's denial of Co-op's request. Unaided, we glean from the record that the pertinent provision is section[5] 400.200, which lists the uses permitted in a "C–2" district. Section 400.200 reads, in pertinent part:

"A. *Purpose.* This District is intended to provide retail and service establishments serving the central business district and to provide space for activities serving the general population of Aurora.

B. *Uses Permitted.*

1. Any use permitted in Districts 'C–O' or 'C–1'. . . .

. . . .

16. Any retail use or business not included in Districts 'C–O', 'C–1' or 'C–2' may be established; provided its use is not obnoxious or offensive by reason of vibration, noise, odor, dust, smoke, or gas and subject to conditions deemed appropriate by the Planning Commission to ensure conformity to the intent of this Chapter. Such operations include:

. . . .

j. Storage and sales of grain, feed, or, fuel."

Uses permitted in "C–O" districts are listed in section 400.180 of the Zoning Code. Uses permitted in "C–1" districts are listed in section 400.190 of the Zoning Code. Storage and sale of grain or feed is not listed in sections 400.180 or 400.190, nor is such use

1. The letterhead and minutes of meetings of that body identify it as the "Planning and Zoning Commission." The Zoning Code of the City of Aurora refers to that body as simply the "Planning Commission."

2. The transcript and some documents in the record identify that body as the "Board of Zoning Adjustments." The Zoning Code referred to in footnote 1, *supra,* refers to that body as the "Board of Zoning Adjustment."

3. The version of § 89.110 in RSMo 1994 was in force when Co-op filed its petition in the trial court. Section 89.110 was amended by Laws of Missouri 1997, S.B. No. 112, pp. 335–36. The amendment is immaterial to this appeal.

4. Footnote 1, *supra.*

5. This opinion uses the word "section" to refer to the pertinent provision of the Zoning Code because this opinion has earlier used the symbol " § " to refer to a section of RSMo.

listed anywhere in section 400.200 except in subsection B.16.j., quoted above.

Commission denied Co-op's request after two public hearings. The minutes of those hearings show comments were made regarding truck traffic, dust, noise and odor anticipated from the proposed use.

Co-op's "Notice of Appeal" to Board from Commission's denial of Co-op's request stated the ground for appeal was, *inter alia,* "the wrongful and unlawful interpretation and enforcement of section 400.200 of the [Zoning] Code."

In entertaining Co-op's appeal, Board heard sworn testimony on two occasions. The testimony addressed the same subjects as those considered by Commission, i.e., truck traffic, dust, noise and odor.[6]

In upholding Commission's denial of Co-op's request, Board found, *inter alia:* "[Co-op] has not produced sufficient evidence that the decision of the Aurora Planning and Zoning Commission ... was a wrongful and unlawful interpretation and enforcement of Section 400.200 of the [Zoning] Code[.]"

Co-op's brief in this court presents four points relied on, quoted verbatim hereunder:

"I.

The Board of Zoning Adjustments erred in denying Appellant's application for a use permit in that said denial violated Article V, § 18 of the Missouri Constitution and Mo.Rev.Stat. § 89.110 because this agency action was not supported by competent and substantial evidence upon the record as a whole.

II.

The Board of Zoning Adjustments erred in denying Appellant's application for a use permit in that said denial was arbitrary and capricious and violated Article V, § 18 of the Missouri Constitution and Mo.Rev. Stat. § 89.110 because this decision was

not based on any substantial evidence and was not the product of a fair and impartial tribunal.

III.

The Board of Zoning Adjustments erred in denying Appellant's application for a use permit in that said denial, in violation of Article V, § 18 of the Missouri Constitution and Mo.Rev.Stat. § 89.110, was made upon unlawful procedure and without a fair trial or due process because the agency actions were a product of bias, prejudice and evidence not before the parties.

IV.

The Board of Zoning Adjustment's written findings of fact and conclusions of law which denied Appellant's request for a use permit were erroneous in that said findings of fact and conclusions of law violated Mo.Rev.Stat. § 536.090 because this document was vague, ambiguous and so lacking in factual content as to be incapable of informing the parties or courts of the basis for the agency's decision."

Rule 84.04(d), Missouri Rules of Civil Procedure (1998), reads, in pertinent part:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...."

The purpose of the rule and the necessity of obeying it are fully explained in *Thummel v. King,* 570 S.W.2d 679, 684–88 (Mo. banc 1978), one of the most frequently cited cases in Missouri jurisprudence.

■ Co-op's first point makes the unadorned assertion that Board's decision was not supported by competent and substantial evidence upon the record as a whole. The point leaves this court to ponder wherein and why that is so, i.e., the point supplies no hint

---

**6.** The evidence before Board revealed Co-op officials planned to place circular grain storage bins with heights up to 27 feet on the property. The bins "would be used for storage of by-product feeds," which would be "blended and mixed and sold [by truckload] to ... farmers ... beef cattle-

men [and] dairymen." In addition to the bins, the proposed use would require a "bucket elevator" with a "leg" 85 feet high. Co-op's manager disclosed the plan did not include "a covered loading and unloading area for the trucks."

as to wherein the evidence was incompetent or why it was too insubstantial to support Board's decision.

Article V, § 18, Mo. Const. (1945, amended 1976), cited in Co-op's first point, does not aid this court in deducing "wherein and why" the evidence was deficient, as such provision sets forth only the right to, and scope of, judicial review.[7] The statute cited in Co-op's first point, § 89.110, is likewise no help, as it merely establishes the right to circuit court review of a decision of a board of adjustment.

Missouri cases have consistently held points relied on such as Co-op's first point present nothing for review. *Gibson v. Gibson–Cato*, 941 S.W.2d 868, 870–71[1] (Mo. App. S.D.1997); *Porter v. Emerson Electric Co.*, 895 S.W.2d 155, 160–61 (Mo.App. S.D. 1995); *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327, 339[21] (Mo.App. S.D. 1991); *Best v. Culhane*, 677 S.W.2d 390, 394 (Mo.App. E.D.1984); *Tripp v. Harryman*, 613 S.W.2d 943, 950 (Mo.App. S.D.1981).

■ Missouri cases further hold an appellate court has no duty to seine the argument following a point relied on to ferret out the "wherein and why" of the claimed error. *Kackley v. Burtrum*, 947 S.W.2d 461, 465 (Mo.App. S.D.1997); *Gruhala v. Lacy*, 559 S.W.2d 286, 287[2] (Mo.App.1977); *Bell v. Bell*, 538 S.W.2d 733, 735[4] (Mo.App.1976); *Barber v. M.F.A. Milling Co.*, 536 S.W.2d 208, 209–10[4] (Mo.App.1976); *Cole v. Cole*, 516 S.W.2d 518, 520[5] (Mo.App.1974).

Applying the cases cited in the two preceding paragraphs, this court holds Co-op's first point presents nothing for review.

■ Co-op's second point, like its first, patently fails to satisfy the "wherein and why" requirement of Rule 84.04(d). The point yields no clue as to wherein or why Board's denial of Co-op's application for the "use permit" was arbitrary and capricious. The point likewise surrenders no inkling as to wherein or why Board's decision was not based on substantial evidence, and leaves this court wondering why Board's decision "was not the product of a fair and impartial tribunal."

Applying the cases cited in this opinion's discussion of Co-op's first point, this court holds Co-op's second point presents nothing for review.

■ That holding applies with equal force to Co-op's third point. It makes the bare assertion that Board's denial of Co-op's application was made upon unlawful procedure and without a fair trial or due process, as Board's decision was "a product of bias, prejudice and evidence not before the parties." What the alleged "unlawful procedure" was is consigned to speculation, as is the alleged denial of a fair trial and due process. The point reveals nothing from which this court can identify the alleged "bias, prejudice and evidence not before the parties."

Consistent with the cases cited in this opinion's discussion of Co-op's first point, this court holds Co-op's third point presents nothing for review.

Co-op's fourth point assails Board's findings of fact and conclusions of law because they are allegedly "vague, ambiguous and so lacking in factual content as to be incapable of informing the parties or courts of the basis for [Board's] decision."[8]

■ Co-op candidly acknowledges the holding in *Ogawa v. City of Des Peres*, 745

---

7. Mo. Const., Art. V, § 18 (1945, amended 1976), reads, in part:

"All final decisions ... on any administrative ... body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law; and such review shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are supported by competent and substantial evidence upon the whole record."

8. A perspicacious reader will note an irony regarding Co-op's fourth point. An attack identical to the fourth point's assault on Board's findings of fact and conclusions of law can be leveled against the fourth point itself. The point fails to inform a reader as to wherein Board's findings and conclusions are vague and ambiguous, and sheds no light on wherein or why Board's findings and conclusions do not inform a reader of the basis for Board's decision. While the fourth point is arguably deficient under Rule 84.04(d) and *Thummel*, 570 S.W.2d at 684–88, this court does not dispose of the point on that ground.

S.W.2d 238, 241–42[1] (Mo.App. E.D.1987), that a municipality's board of adjustment is not required to make written findings of fact and conclusions of law in denying a zoning variance. In support of that holding, *Ogawa* cites *Mullen v. City of Kansas City*, 557 S.W.2d 652 (Mo.App.1977). *Mullen* held chapter 89, RSMo 1969 (pertaining to zoning and planning), did not require a board of adjustment to make written findings, and chapter 536, RSMo 1969 (pertaining to administrative procedure and review), did not apply to municipal zoning board decisions. *Id.* at 654[2].

*Mullen* was cited with approval in *Karelitz v. Soraghan*, 851 S.W.2d 85, 88 (Mo.App. E.D.1993), for the proposition that chapter 89, RSMo Cum.Supp.1992, does not require a municipal board of adjustment to make written findings of fact.

Co-op does not argue that Aurora's Zoning Code requires Board to issue findings of fact and conclusions of law, and this court's cursory search of the Zoning Code reveals no such requirement. Co-op's fourth point relies solely on § 536.090 which, according to *Mullen,* does not apply to municipal boards of adjustment.

It follows that *Ogawa, Mullen* and *Karelitz* are ample authority for rejecting Co-op's fourth point.

However, there is a more compelling reason that Co-op's fourth point presents no basis for reversal.

Rule 84.04(c) requires the statement of facts in an appellant's brief to set forth the facts relevant to the questions presented for determination.

The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Haynes Family Corp. v. Dean Properties, Inc.,* 923 S.W.2d 465, 466–67[3] (Mo.App. S.D.1996); *Missouri Highway and Transportation Commission v. Taylor,* 839 S.W.2d 676, 678 (Mo.App. S.D. 1992). The appellant has the duty to define the scope of the controversy by stating the relevant facts fairly and concisely. *Haynes Family Corp.,* 923 S.W.2d at 466[2]; *Ampar-*

*an v. Martinez,* 862 S.W.2d 497, 498 (Mo. App. E.D.1993). Failure to substantially comply with Rule 84.04(c) preserves nothing for appellate review. *Haynes Family Corp.,* 923 S.W.2d at 467[6]; *Whalen v. College of the Ozarks, Inc.,* 851 S.W.2d 682, 683[2] (Mo. App. S.D.1993).

The claim of error in Co-op's fourth point attacks Board's findings of fact and conclusions of law. Were Co-op correct in asserting Board was required to issue findings of fact and conclusions of law—a hypothesis rejected by *Ogawa, Mullen,* and *Karelitz*—the merit, if any, in Co-op's fourth point could be determined only by examining Board's findings and conclusions.

The statement of facts in Co-op's brief does not set forth Board's findings and conclusions, and they do not appear anywhere else in Co-op's brief.

In *Hammons v. Eisert,* 745 S.W.2d 253 (Mo.App. S.D.1988), one of the contentions on appeal was that the adverse parties' petitions failed to state a cause of action, hence the trial court should have granted the appellant's motion for summary judgment. *Id.* at 255. This court held those contentions were not preserved for appellate review because the statement of facts in the appellant's brief made no mention of the contents of the challenged petitions or the appellant's motion for summary judgment. *Id.*

The same ruling is called for in the instant appeal. Co-op's attack on Board's findings of fact and conclusions of law required Co-op to set forth the challenged findings and conclusions in the statement of facts in Co-op's brief. By omitting Board's findings and conclusions, Co-op's statement of facts failed to set forth the facts relevant to the questions presented for determination by Co-op's fourth point. That omission renders the fourth point ineligible for review. *Hammons,* 745 S.W.2d at 255.

*Ex gratia* review of the record for plain error pursuant to the authority conferred on this court by Rule 84.13(c) reveals no manifest injustice or miscarriage of justice warranting relief under that rule.

The judgment of the trial court upholding Board's decision is affirmed.

PREWITT, P.J., and PARRISH, J., concur.