**UNION CENTER REDEVELOPMENT CORPORATION, Appellant,**

v.

**ST. LOUIS PRESERVATION BOARD OF PLANNING AND URBAN DESIGN, Respondent.**

No. ED 80078.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 14, 2002.

Application for Transfer Denied June 25, 2002.

Charles A. Seigel III, Michael A. Wolff, St. Louis, MO, for appellant.

Paul R. Diekoff, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Union Center Redevelopment Corporation (hereinafter, "Union Center") appeals the trial court's judgment dismissing its petition for review against the St. Louis Preservation Board of the Planning and Urban Design Agency (hereinafter, "the Preservation Board") for failing to state a claim upon which relief could be granted. Union Center also challenges the Preservation Board's decision denying its request to erect signs at Union Station. We affirm.

Union Center owns the property on which Union Station is located in the City of St. Louis. Union Center sought to erect signage on Union Station's train shed, which is a site zoned in a historical district pursuant to St. Louis City, Mo. Ordinance 57828 (April 18, 1979). Union Center hired Warren Sign Company to erect the signs. Warren Sign Company filed a permit application with the Division of Building and Inspection of the Department of Public Safety of the City of St. Louis. The Department of Public Safety referred the application to the Cultural Resource Office of the Planning and Urban Design Agency for the City of St. Louis (hereinafter, "the Cultural Resource Office"). The Cultural Resource Office referred the application to the Preservation Board.

On October 9, 2000, the Preservation Board held a hearing on Union Center's permit application. According to the Preservation Board's order, it met pursuant to Section 5.E of Ordinance 64689 of the St. Louis City Code. The order states the Cultural Resource Office staff submitted photographs of the site, certified copies of the Historic District Ordinance and the Cultural Resource Office enabling ordinance, and a copy of a map of the site and surrounding area. After hearing sworn testimony from a Cultural Resource Office representative and a Union Station representative, the Preservation Board issued its decision denying Union Center's application.

Union Center filed a timely verified petition seeking judicial review by the circuit court of the Preservation Board's decision. Union Center alleged in its petition that the Preservation Board was established pursuant to St. Louis City, Mo. Ordinance 64689 and thus jurisdiction was proper pursuant to Section 536.100 RSMo (2000)[1] or Section 89.110. Union Center asserted that the Preservation Board's denial of its application was illegal in that it was not supported by competent and substantial evidence upon the whole record, was arbitrary, capricious and unreasonable.

On July 17, 2001, the trial court dismissed Union Center's petition. The trial court held that since the ordinance which establishes the Preservation Board and defines its jurisdiction was not part of the record, the court had no choice but to dismiss Union Center's petition for review in so far as it was a petition for review pursuant to the contested case provisions of Chapter 536 RSMo (1999). This appeal ensues.

Union Center's first point on appeal alleges the trial court erred in dis-

---

1. All further statutory references are to RSMo (2000) unless otherwise specified.

missing its petition for judicial review of the Preservation Board's decision in that it did state a claim upon which relief could be granted. Union Center claims the Preservation Board did not present the ordinance establishing its authority to act. Conversely, the Preservation Board argues the trial court was correct in dismissing Union Center's petition for review because the petition stated mere conclusory statements and there was no evidence in the record that Union Center was entitled to judicial review. The Preservation Board argues that because Union Center was the moving party, Union Center had the burden to prove the basis for the agency's jurisdiction to act.

■■■ It is the duty of the applicant to introduce into evidence the applicable zoning ordinance outlining the standards for granting a permit. *See, Drury Displays, Inc. v. Board of Adjustment of City of St. Louis*, 832 S.W.2d 330, 331 (Mo.App. E.D. 1992) and *Zwick v. Board of Adjustment of City of Ladue*, 857 S.W.2d 325, 327 (Mo. App. E.D.1993). The failure to introduce into evidence the provision of the governing ordinance which sets forth the standards to be applied by the agency in determining whether to issue a permit prevents the court from assessing the legality of the agency's action. *See, Drury*, 832 S.W.2d at 331. "[A]bsence of this ordinance from the record . . . . is [a] fatal defect in the proceeding before the agency." *Comfort v. County Council*, 822 S.W.2d 460, 461 (Mo.App. E.D.1991)(*quoting Alpha Portland Cement Co. v. Missouri Dept. of Nat'l Resources*, 608 S.W.2d 451, 454 (Mo.App. E.D.1980)).

■■■ Unfortunately, this Court cannot take judicial notice of an ordinance that is not in the record on appeal. *Caldwell v. McGahan*, 894 S.W.2d 237, 240 (Mo.App. E.D.1995). Moreover, a reviewing commission or court cannot remand a case to the administrative agency for reception or consideration of an ordinance, unless the ordinance could not have been introduced at the initial hearing in the exercise of reasonable diligence, or the ordinance was improperly excluded from evidence at the initial hearing. *Zwick*, 857 S.W.2d at 327; *See also, Comfort*, 822 S.W.2d at 462 and *Consumer Contact Co. v. State Dept. of Rev.*, 592 S.W.2d 782 (Mo. banc 1980).

Both parties concede that the enabling ordinance is not in the record on appeal, and it is questionable at best whether it was introduced into evidence at the hearing below. While it was mentioned in the Preservation Board's order, the record does not reveal where the ordinance was entered into evidence, and it is not part of the legal file. Further, there is no evidence present in the record that the ordinance could not have been introduced at the initial hearing in the exercise of reasonable diligence or that the ordinance was improperly excluded from evidence which would allow us to remand this case for the inclusion of the ordinance into the record. We remind the parties that informality in administrative proceedings in relying on documents which were not identified, offered, or received into evidence is not a practice to be encouraged as it presents a fragmentary and incomplete picture of evidence for the reviewing court; that is true even when neither party objects to this practice. *Ruffin v. City of Clinton*, 849 S.W.2d 108, 111 (Mo.App. W.D.1993).

Therefore, Union Center had the burden to introduce into evidence the enabling ordinance and failed to meet its burden of producing the ordinance from which it sought its permit to erect the signage. As such, the trial court did not err in dismissing Union Center's petition for review because the absence of the ordinance from the record was fatal to the judicial review of its petition. Since this point is disposi-

tive, we do not reach Union Center's other points of error.

The judgment of the trial court is affirmed.

MARY R. RUSSELL, J., and MARY K. HOFF, J., concur.