**Alex RASKIN d/b/a Loop Automotive, Appellant,**

v.

**CITY OF ST. LOUIS and The Board of Adjustment, Respondents.**

No. ED 80504.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 22, 2002.

Paul R. Diekhoff, City Counselor—City of St. Louis, St. Louis, MO, for Respondent.

Eric T. Tolen, Clayton, MO, for Appellant.

GLENN A. NORTON, Judge.

Alex Raskin appeals the denial of his application for a permit to operate an auto sales and repair business in the City of St. Louis. We affirm.

## I. BACKGROUND

Raskin purchased a piece of property in St. Louis that had been used for an auto glass repair business. Raskin planned to open an auto sales and repair business on the property and applied for an occupancy permit. The Building Commissioner denied the application because Raskin's proposed use violated St. Louis City zoning ordinances. Raskin appealed to the Board of Adjustment, arguing that his use of the property would be a continuing non-conforming use because the prior owner of the property had a permit to use the property for his automotive business.

At the hearing before the Board, several different witnesses testified that the prior owner closed the auto glass business and that the property was vacant. The owner of the adjacent property testified that she had owned the property for 12 years and that the auto glass business had been closed for a year. The alderman of the ward in which the property is located estimated that the building had been vacant for "quite awhile. I would say a couple of years or more." Even Raskin's own attorney testified that the building had been vacant for almost a year.[1]

The Board found that Raskin's business was not a continuing non-conforming use under the Zoning Code for the City of St. Louis because the property had been vacant for one year. It affirmed the Commissioner's denial of the permit. The circuit court affirmed the Board's decision, and this appeal followed.

## II. DISCUSSION

On appeal, we review the findings and conclusions of the Board, not the judgment of the circuit court. *Arens v. City of St. Louis*, 872 S.W.2d 631, 635 (Mo.App. E.D.1994). Our review is limited to a determination of whether the Board's decision is authorized by law and is sup-

---

1. On rebuttal, Raskin's attorney actually admitted that it had been vacant for "at least one year."

ported by competent and substantial evidence upon the whole record. *Id.* If, as here, additional evidence was before the circuit court and is available for our review, then our inquiry encompasses both the proceedings before the circuit court and those before the Board. *Beckmeyer v. Beuc,* 367 S.W.2d 9, 12 (Mo.App.1963). "If therein is found competent and substantial evidence to support the Board's decision, that decision must be affirmed." *Id.* We view the evidence in the light most favorable to the Board's findings and give the Board's decision the benefit of reasonable inferences that can be drawn from the record. *Eubanks v. Board of Adjustment, Kirkwood,* 768 S.W.2d 624, 627 (Mo.App. E.D.1989).

■ In his point on appeal, Raskin argues that the Board's decision is not supported by substantial evidence. He concedes that the property has been vacant for at least one year, but argues that the Board erred because it never determined the actual date that the prior owner ceased his operations. This argument is wholly without merit.

The Zoning Code for the City of St. Louis provides that a non-conforming use may be changed to another non-conforming use "of the same or a more restricted classification." CITY OF ST. LOUIS, MO., ZONING CODE, section 26.16.050 (1986). The non-conforming use cannot be changed to another non-conforming use, however, if it has been discontinued:

> In the event a non-conforming use of any structure or premises is discontinued or its normal operation stopped for a period of 1 year, the use of the same thereafter shall conform to the regulations of the district in which it is located.

CITY OF ST. LOUIS, MO., ZONING CODE, section 26.16.060 (1986). We find no requirement that the Board determine the precise date on which the auto glass operations ceased. Instead, the evidence must show that the

property had not been used for an auto glass business for at least a one-year period. Every witness who had any knowledge about the property's use, including the next-door neighbor, testified that it had been vacant and not used for an auto glass business for at least a year. This is substantial evidence supporting a determination that the prior non-conforming use had been discontinued.

Point denied.

■ The judgment of the circuit court modified the Board's determination to clarify that the Board's decision only affirmed the denial of Raskin's application for a use permit and did not affect Raskin's ability to seek a variance. We agree with this modification. The Board stated in its conclusions that Raskin had not shown an unnecessary hardship, which is the standard for obtaining a variance from the application of a zoning ordinance. *See* section 89.090.1(3) RSMo 2000. But a nonconforming use differs from a variance. *Matthew v. Smith,* 707 S.W.2d 411, 418 (Mo. banc 1986). A non-conforming use does not require a showing of unnecessary hardship. Raskin stated expressly at the Board's hearing that he was not seeking a variance, only classification as a non-conforming use. Thus, the Board reached the right result under the wrong standard, and the circuit court was correct to modify the determination. *See* section 89.110 RSMo 2000.

### III.  CONCLUSION

The judgment of the circuit court, affirming the Board's decision as modified, is affirmed.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J., concurring.