**STATE of Missouri ex rel. G.W. JACKSON and Ryan Jackson, Relators–Appellants,**

v.

**CITY OF JOPLIN, et al., and Huddleston Mortuary, Inc., d/b/a Parker Mortuary, Defendants–Respondents.**

No. SD 29476.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 3, 2009.

---

Richard L. Schnake, Springfield, MO, for appellant.

Brian W. Head, Peter Edwards, Joplin, MO, Daniel G. Vogel, Ryan A. Moehlman, St. Louis, MO, for Respondents City of Joplin, et al.

Gary R. Cunningham, Bryan R. Berry, Springfield, MO, for Respondent Huddleston Mortuary, Inc., d/b/a Parker Mortuary.

NANCY STEFFEN RAHMEYER, Judge.

G.W. Jackson and Ryan Jackson (collectively, "Appellants") filed a petition for a writ of certiorari pursuant to section 89.110[1] alleging that the city of Joplin ("the City") failed to follow the proper procedure when it granted a special use permit to Parker Mortuary. On review, the circuit court affirmed the actions of the City, from which Appellants bring this appeal. We find no error and affirm.

Parker Mortuary owns and operates a funeral home in the City; it sought a special use permit in order to operate a crematorium in a residential neighborhood. The City provides a process, set forth in the City's regulations, for applicants to apply for a special use permit. (Zoning Reg. sections 29A–2100, et seq.) Appellants claim that the grant of a special use permit "required" two proceedings-the first before the Planning and Zoning Commission ("the Commission") and the second before the City Council ("the Council"). Specifically citing to Zoning Reg. section 29A–2101(C) and (F), Appellants contend that the Commission failed to give proper notice of the public hearing at least 15 days prior to the hearing, failed to make written findings of fact, and failed to submit a recommendation. Because of those failings, Appellants argue that the Council's grant of the special use permit was unauthorized by law.

Initially, we note that the City posits that this appeal should be dismissed for violations of the rules of appellate procedure. First, the City claims Appellants' single point relied on does not comply with Rule 84.04 and preserves nothing for appellate review because it is multifarious. Specifically, the City claims Appellants are making the entire judgment one error and listing multiple grounds which contain multiple legal issues. Appellants' point relied on reads as follows:

The Joplin City Council's grant of a special use permit for Parker Mortuary to operate a crematorium in a residential neighborhood was unauthorized by

[1]. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2008), unless otherwise specified.

law, because it was procedurally unlawful and thus erroneous under § 89.110, in that

(a) the City Council may grant a special use application only after the Planning and Zoning Commission has conducted a public hearing upon at least 15 days' notice, has made written findings of fact, and has submitted its recommendation, but

(b) the Planning and Zoning Commission failed to give proper notice, made no written findings of fact, and only by default submitted a recommendation, which the City Council itself did not recognize as any recommendation at all.

The City further argues that Appellants make no mention of section 89.110, "the sole legal mandate cited in the Point Relied On," throughout the argument portion of their brief. The City notes that Appellants' assertion that the Commission only gave a "recommendation by default" in their point is essentially undeveloped. Appellants did nothing more than reassert the allegation with no explanation of any legal basis for reversal or its connection to section 89.110. Further, the City claims Appellants failed to fully develop in their two other arguments how such alleged error violates section 89.110. The City argues that Appellants allege error outside the point relied on when they argue inconsistencies with a local regulation relating to the number of days of newspaper notice contemplated by an advisory planning commission hearing.

The City correctly notes that it is not within the province of this Court to decide an argument that is merely asserted but not developed. *Cooper v. Bluff City Mobile Home Sales, Inc.*, 78 S.W.3d 157, 167 (Mo.App. S.D.2002). In their point relied on, Appellants appear to use section 89.110 to argue that the Commission erred by failing to give proper notice, making no written findings of fact, and submitting no recommendation. There is no question that throughout their argument section, Appellants only discuss how the City's regulations support their allegations without making any mention of section 89.110. Normally, where the argument section under a point relied on contains "arguments which do not relate to the errors alleged in that point," this Court "will not consider these arguments, as they are not properly presented for our review." *Capital One Bank v. Hardin*, 178 S.W.3d 565, 572 n. 3 (Mo.App. W.D.2005).

The City also notes that section 89.110 merely provides a basis for an appeal to the circuit court of municipal decisions. A review of section 89.110 shows that there are no requirements of any kind in that section to mandate specific or mandatory notice, required findings of fact, or any recommendation requirements for the Commission. Moreover, as the City contends, and Appellants concede, there are no statutory requirements applicable to procedures for approving special use permit applications under section 89.110 or any other statute. The City's local procedures are fully within the discretion of the City to enact or modify. Therefore, the City argues that based on a strict reading of Appellants' point relied on, there appears to be nothing left for appellate review because section 89.110 does not contain any notice, findings, or recommendation requirements.

The City is correct that on its face Appellants' point relied on appears to claim a violation of section 89.110. Section 89.110 provides:

Any person or persons jointly or severally aggrieved by any decision of the board of adjustment, any neighborhood organization as defined in section 32.105,

RSMo, representing such person or persons or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review such decision of the board of adjustment and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days and may be extended by the court. The allowance of the writ shall not stay proceedings upon the decision appealed from, but the court may, on application, on notice to the board and on due cause shown, grant a restraining order. The board of adjustment shall not be required to return the original papers acted upon by it, but it shall be sufficient to return certified or sworn copies thereof or of such portions thereof as may be called for by such writ. The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from and shall be verified. If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which a determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. Costs shall not be allowed against the board unless it shall appear to the court that it acted with gross negligence, or in bad faith, or with malice in making the decision appealed from. All issues in any proceedings under sections 89.080 to 89.110 shall have preference over all other civil actions and proceedings.

Section 89.110.

If Appellants' point is read in the manner suggested by the City, then Appellants have not stated a claim. Appellants, however, rebut that reading of their point and claim that their point is that the City was without "jurisdiction" to grant a special use permit because it did not follow its own procedures as set forth in the City's regulations. Although the Council's action was not "erroneous" *under* section 89.110, we read Appellants' point to essentially argue the Council's action was unauthorized by law in that it was procedurally unlawful, which justified their claim that the Council's decision was illegal, and therefore entitled them to seek judicial review of the Council's decision under section 89.110.

While we agree with the City that the point appears to claim a violation of section 89.110, it is the policy of the courts of this state to decide cases on the merits rather than on technical deficiencies in the briefs, so long as the point provides notice to the parties and the court of the basis for the claimed error. *Citizens Nat'l Bank v. Maries County Bank*, 244 S.W.3d 266, 272 n. 3 (Mo.App. S.D.2008). Because we are able to discern the basis for the claim of error, and the defective nature of the point relied on does not impede our disposition of the case, we will consider the merits of Appellants' allegation that the City's actions were not authorized by law, and were therefore illegal. *Wiley v. Homfeld*, ——

S.W.3d ——, —— 2009 WL 3571294 *4 (Mo.App. W.D.2009).

■ When reviewing a decision to grant a special use permit on the merits, we review the decision of the Council, not the judgment of the trial court. *State ex rel. Teefey v. Bd. of Zoning Adjustment of Kansas City,* 24 S.W.3d 681, 684 (Mo. banc 2000). The scope of review is limited to whether the Council's decision was supported by competent and substantial evidence on the record or whether it is arbitrary, capricious, unreasonable, *unlawful,* or in excess of jurisdiction. *Id.* (emphasis added). Appellants have not alleged that the Council's decision was not supported by substantial and competent evidence, so we review the Council's decision solely to determine whether it was authorized by law. *Eubanks v. Board of Adjustment, Kirkwood,* 768 S.W.2d 624, 627 (Mo.App. E.D.1989). Where the issue presents a question of law, it is a matter for the independent judgment of the reviewing court, and the legality of the Council's decision will be reviewed *de novo.*[2] *Teefey,* 24 S.W.3d at 684. No additional evidence was heard in the circuit court, so we are limited to reviewing the record of the proceedings before the Council. *Eubanks,* 768 S.W.2d at 627.

■ Appellants posit three reasons for their claim that the Council had no "jurisdiction" because it failed to follow its own procedures. Appellants claim the Commission failed to give proper notice of the public hearing at least fifteen days prior to

the hearing, failed to make written findings of fact, and failed to make a recommendation. In short, Appellants claim the Council could not grant a special use permit because the Commission failed to follow the City's regulations. We note that Appellants cite no cases for their proposition that the failure of the Commission to follow the zoning regulations provides a jurisdictional bar to further proceedings by the Council. Instead, Appellants argue that it is a bad policy of the City to not follow its own regulations. Such a policy claim does not control the result in this case.

Appellants state that the City's zoning regulations require that the Commission publish notice at least "15 days prior to the date set for hearing" when it is considering a special use permit. (Zoning Reg. section 29A–2101(C).) Appellants contend that the Commission provided only eight days newspaper notice. In this case, Parker Mortuary filed its special use application on November 6, 2007; the notice was published on December 2, 2007; and the Commission considered the application on December 10, 2007. Appellant Ryan Jackson appeared at the meeting and objected to the application. At the meeting, the Commission could not get a majority vote to either approve or oppose the special use permit. The Commission gave no written findings.

As to Appellants' first complaint, the purpose of notice is to give an individual the opportunity to be heard. *Bonds v.*

---

2. We note that *Eubanks* states that "[n]either this court nor the circuit court can try this case *de novo* or substitute its judgment for that of the Board." *Eubanks,* 768 S.W.2d at 627. However, this view fails to recognize the dichotomy that exists between reviewing a claim that a Council decision was not authorized by law and reviewing a claim that a decision was not supported by substantial and competent evidence. Where a review of sub-

stantial and competent evidence to support a decision requires factual determinations, and is thus deserving of deference, a review of the legal authorization to make such a decision is a purely legal question. This dichotomy was recognized by our Supreme Court in *Teefey.* *Teefey,* 24 S.W.3d at 684. As we are presented with a question of law, we review the legality of the City's decision *de novo.*

*City of Webster Groves,* 432 S.W.2d 777, 783 (Mo.App.St.L.D.1968). Appellants do not allege that no notice was given, and do not deny that they had actual notice of the Commission hearing. Furthermore, Appellant Ryan Jackson appeared at both the Commission meeting and the Council meeting. Nothing in the record suggests that at any point during either hearing Appellants expressed that notice was improper or objected to the Commission's failure to provide sufficient notice. "Under these circumstances, [Appellants] are in no position now to complain of the failure of [the Commission] to give said notice." *Id.* at 784 (rejecting that an ordinance was void because plaintiff was not given notice of an open meeting of the City Plan Commission where plaintiff had actual knowledge of the hearing, was heard at the hearing, and voiced no objection for the failure to give notice at said meetings or meetings thereafter, which she and her attorney attended); *see also, State ex rel. Luechtefeld v. Arnold,* 149 S.W.2d 384, 388 (Mo.App.St.L.D.1941) (holding that the city's failure to comply with notice provisions on rezoning hearings provided by ordinance was "immaterial as effecting Appellant's rights because the only purpose of the notice as to him would be that he have an opportunity to be heard, and in this case he not only had the opportunity but was heard, and made no objection to the shortness of notice.").

Appellants rely on *State ex rel. Freeze v. City of Cape Girardeau,* 523 S.W.2d 123 (Mo.App.St.L.D.1975), to contend that notice of a special use hearing is jurisdictional. However, *Freeze* is not instructive. In *Freeze,* the court held that notice of a hearing is mandatory and jurisdictional when an ordinance is amended or created. *Id.* at 126. No ordinance is created or amended when the Council decides whether or not to grant a special use permit. When a special use permit was granted, the Council merely followed an already created plan which made its action administrative. *See Williams v. City of Kirkwood,* 537 S.W.2d 571, 574 (Mo.App.St. L.D.1976) (" 'No amendment to an existing zoning ordinance is involved here ... the action taken by the Board ... was merely the exercise of an administrative discretion expressly granted to it by the enabling act and the zoning ordinance.' ") (quoting *City of Lake Lotawana v. Lehr,* 529 S.W.2d 445, 449 (Mo.App.K.C.D.1975)). Appellants' first argument is without merit.

■ Appellants' next contention is that the Council's issuance of the special use permit violates a local regulation because the Commission did not make written findings of fact. Appellants cite no cases to support their claim that the failure of the Commission to make an actual "recommendation" deprives the Council of authority to grant a special use permit. As stated previously, there is no statutory requirement under section 89.110 that the Commission issue any findings of fact. Appellants attempt to use section 536.090 to supplement the lack of a findings requirement in section 89.110; however, we agree with the City's response to that argument, which states:

> [t]o the extent that Appellants seek to apply the written findings requirement of section 536.090 in a section 89.110 certiorari review, that argument has already been rejected by this Court. *See State ex rel. Co-op. Ass'n No. 86 of Aurora v. Bd. Of Zoning Adjustment of the City of Aurora,* 977 S.W.2d 79, 84 (Mo.App. S.D.1998) (findings of fact requirement of section 536.090 "does not apply" to challenges to a municipal zoning decision filed under section 89.110).

■ Appellants rely solely on local regulations to claim that findings of fact by the Commission are jurisdictional, howev-

er, the failure to follow a local findings of fact requirement, even by the final decision-making body, does not itself invalidate the decision. *Karelitz v. Soraghan,* 851 S.W.2d 85, 88 (Mo.App. E.D.1993) (finding a board's failure to issue findings of fact did not invalidate decision where findings of fact were required under ordinance and not statute). The court in *Karelitz* stated that even without the findings of fact, the board's reasons for granting the variance were clearly explained in the transcript of the proceedings. *Id.* This is similar to the case at bar. Here, the Council issued findings of fact that detailed the reasons for its decision. Therefore, even without the Commission's findings, there is sufficient information for a court to review the Council's decision. There is no merit to Appellants' claim that the decision was unreviewable because the Commission did not issue findings of fact.

Finally, Appellants contend that the Council violated the local regulations because the Commission made no recommendation. Again, Appellants cite no case law to support this allegation. Appellants argue that because the Council stated that no recommendation was given by the Commission, they have violated their own regulations. According to the City's regulations, when the Commission fails to make a recommendation, it is deemed to be a denial. (Zoning Regs. Art. 24, section 29A–2403.) Thus, when the Council reviewed the request for a special use permit, it did so with full knowledge that the Commission recommended a denial of the request. The result is the same as if the Commission had voted to deny the request.

We find no merit to Appellants' claim that the Council was without "jurisdiction" to grant the special use permit because the City failed to follow its own procedures.

As such, the point is denied and the Council's decision is affirmed.

LYNCH, P.J., FISCHER, Special J., concur.