Karen REYNOLDS, Petitioner–
Appellant,

v.

Bobby BRILL and Judy Brill,
Respondents–Respondents.

No. SD 29700.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 19, 2010.

Richard L. Schnake, Springfield, for Appellant.

John William Bruffett, Ava, for Respondent(no brief filed).

NANCY STEFFEN RAHMEYER, Judge.

Karen Reynolds ("Appellant") appeals from a judgment of the Circuit Court of Douglas County denying her claims for quiet title and ejectment, an injunction, and property damage, and finding that she had not adversely possessed a three-acre parcel against Bobby and Judy Brill ("Respondents") for the requisite prescriptive period. Appellant alleges that the trial court erred in finding that her second predecessor in interest had not continuously possessed the disputed parcel and that she therefore could not "tack" that time on to the time that she adversely possessed it, and asks us to remand the case for entry of a judgment decreeing that Appellant is the rightful owner of the disputed strip. We decline and affirm the judgment.

■ The facts viewed in the light most favorable to the judgment[1] are as follows: Appellant purchased a 258–acre parcel in July, 2001, from a logger; the logger had purchased the parcel about a year earlier from Jerry and Barbara Morgan ("the Morgans"). According to Richard Bauman, a neighbor whose property abuts both Appellant's and Respondents' property, the Morgans had owned the parcel in question ever since he moved to the area, which was fourteen years prior to the trial in September, 2008. The 258–acre parcel roughly forms a vertical triangle, north and south, with a long, rectangular spike running northward from the approximate center of the main portion of Appellant's land. Respondents' 97–acre property, which they purchased in October, 2005, forms a north-south rectangle that adjoins Appellant's rectangular spike on the west and the main portion of Appellant's property on the north. The portion of real property at issue here is a quarter-mile, east-west boundary between Appellant's land on the north and Respondents' land on the south. The parties agree that the contested land is contained in the description in Respondents' deed.

The three-acre parcel in dispute consists of logged, hilly, forest land, and the line of contention is marked by an "old woven wire/barbed-wire fence." Appellant's im-

1. We accept the trial court's credibility determinations and view the evidence in the light most favorable to the judgment, while disregarding all contrary evidence and permissible inferences. *Capital Bank v. Barnes,* 277 S.W.3d 781, 782 (Mo.App. S.D.2009).

mediate predecessor in interest removed most of the marketable timber from the land, and her second predecessors in interest, the Morgans, used the farm and the disputed area as range for livestock. Shortly after purchasing the property, Appellant walked the entire fence line, including the area at issue here, and made repairs to ensure the fence would hold horses. Appellant thereafter used her property to pasture horses. Appellant maintained a clearing in the contested area, which her horses used for grazing and her guests often used for hunting purposes.

Shortly after purchasing their adjoining property, Respondents had the land surveyed and began building a new fence. As a part of that effort, Respondents bulldozed a strip approximately one hundred feet south of the fence line Appellant believed to be the border of her property and began erecting a fence along the bulldozed strip. Appellant objected to the bulldozing and fencing, and the parties agreed that activity would cease until the present case was decided. Appellant brought claims for quiet title and ejectment, an injunction, and property damage, which were denied by the trial court, leading to this appeal.

■ We will affirm the trial court's judgment unless it is unsupported by substantial evidence, against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This standard applies in adverse possession cases. *Luttrell v. Stokes*, 77 S.W.3d 745, 750 (Mo. App. S.D.2002). To succeed on an adverse possession claim, the party claiming adverse possession must establish by a pre-

ponderance of evidence that possession was: 1) hostile and under a claim of right; 2) actual; 3) open and notorious; 4) exclusive; and 5) continuous for a term of ten years. *Id.* In order to demonstrate continuous possession, an adverse possession claimant may tack his or her possession to that of his or her predecessors in interest, so long as the claimant can prove that the predecessors in interest consistently met each element of adverse possession during the time to which the claimant wishes to tack. *Lancaster v. Neff*, 75 S.W.3d 767, 773 (Mo.App. W.D.2002). Adverse possession claims present mixed questions of law and facts, and the necessary elements are considered with the view that each property may be unique; each case must be decided with consideration of its own unique circumstances. *Harris Land Development, L.L.C. v. Fields*, 139 S.W.3d 275, 278 (Mo.App. S.D.2004). When deciding a claim of adverse possession, we consider the nature, location, and character of the land in question. *Luttrell*, 77 S.W.3d at 749.

■ Here, the trial court concluded that Appellant satisfied the first four of the five elements, but that she failed to prove that her possession, when combined with that of her predecessors in interest, was continuous for the requisite ten-year period. In six points relied on, Appellant challenges that finding, arguing that the trial court's judgment was not supported by substantial evidence or against the weight of the evidence, and that the judgment was an erroneous declaration or application of the law. While arguably none of Appellant's points are in compliance with Rule 84.04(d),[2] we

---

**2.** All rule references are to Missouri Court Rules (2008), unless otherwise specified. Rule 84.04(d) provides in pertinent part:

  **(d) Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall: (A) identify the trial court ruling or action that the appellant challenges;

can identify the basis for Appellant's claims of error and therefore consider the merits of her claims.[3]

Despite the infirmity of Appellant's points, we are able to understand her claims of error to be as follows: points I and II challenge the trial court's finding of non-continuous possession as an erroneous declaration or application of the law, and as unsupported by the evidence or against the weight of the evidence, respectively; points III and IV allege that because the court should have found continuous possession by Appellant and that Appellant was therefore the rightful owner of the land, an injunction was appropriate as Respondents bulldozed and fenced across it; and points V and VI allege that because the court should have found continuous possession and that Appellant was therefore the rightful owner, Appellant was entitled to damages as Respondents bulldozed and fenced across it. Essentially, all six points of error rest on a single proposition that the trial court's finding of non-continuous possession was unsupported by substantial evidence, against the weight of the evidence, or was an erroneous declaration or application of the law. As such, we consider the merits of that proposition as a single claim of error.

■ Appellant argues that the trial court erroneously declared or applied the law because it failed to give effect to both the Morgans' fencing and pasturing stock on the land, which when tacked to Appellant's fencing and pasturing, would have resulted in continuous possession of the disputed land for the requisite ten-year period, thus fulfilling the fifth and final element necessary for adverse possession. We disagree. Appellant acknowledges that neither fencing nor pasturing alone will support a finding of adverse possession, but argues that the combination of fencing and pasturing does support such a finding. While the combination of fencing and pasturing *may support* a finding of adverse possession, no bright-line rule exists that the combination of fencing and pasturing *requires* such a finding,[4] nor are

---

(B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in *[identify the challenged ruling or action]*, because *[state the legal reasons for the claim of reversible error]*, in that *[explain why the legal reasons, in the context of the case, support the claim of reversible error]*."

Appellant's points tend to confuse the legal reason for the claim of error with the explanation of why the legal reason, in the context of the case, supports the claim of reversible error.

3. It is the policy of the courts of this state to decide cases on the merits rather than on technical deficiencies in the points, so long as the points provide notice to the parties and the court of the basis for the alleged error. *State ex rel. Jackson v. City of Joplin*, 300 S.W.3d 531, 535 (Mo.App. S.D. 2009). We consider the merits of Appellant's claims here because we are able to identify the basis for the claim of error, and because the defective nature of the points does not impede our disposition of the case. *Id.*

4. Appellant cites numerous cases where fencing and pasturing, among other things, supported a finding of adverse possession; however, none of the cases cited by Appellant present a hard and fast rule that fencing and pasturing are conclusive evidence of adverse possession. *See Phillips v. Broughton*, 270 Mo. 365, 193 S.W. 593, 594–95 (1917) (holding that defendants' claim of ownership by adverse possession was not barred by an earlier judgment, and that the partial fencing and use of the land for pasture were sufficient facts to warrant the trial court's judgment for defendants); *Luttrell v. Stokes*, 77 S.W.3d 745, 750–51 (Mo.App. S.D.2002) (finding that fencing a tract, using it as a pasture, mowing it, and spreading lime and cutting hay up to the fence satisfied both the hostile and open and notorious possession elements); *Whiteside v. Rottger*, 913 S.W.2d 114, 120–21 (Mo.App.

we willing to adopt such a rule here. Given that each case is decided in light of its own unique circumstances, we cannot say the trial court erroneously declared or applied the law when it found that Appellant had not proven continuous possession of the land for ten years.

 Appellant also argues that the judgment was not supported by substantial evidence or was against the weight of the evidence because the trial court stated that "the only credible evidence ... was that the Morgans allowed stock to graze the contested area," despite hearing uncontradicted testimony of Bauman that the disputed land had also been fenced during the Morgans' ownership of Appellant's parcel. We disagree.

Essentially, Appellant presents two items of evidence in support of her adverse possession claim, neither of which is conclusive by itself, and argues that together they somehow are conclusive. As we stated above, no such rule exists. Furthermore, Appellant fails to show that the pasturing was continuous. Even if the court believed every word of Bauman's testimony, that testimony did not establish that the Morgans' possession was continuous, or that they met the other elements of adverse possession. Although it appears that the disputed parcel was at least partially fenced for the requisite period of time, and the Morgans allowed stock to graze on it, nothing in the judgment or record demonstrates the frequency with which they allowed the grazing, so it is unclear whether the pasturing was continuous. There was no evidence that the grazing was hostile to or under a claim of

right against Respondents' predecessor in title for long enough, if at all, to permit tacking that would amount to ten years of adverse possession. Given that it was Appellant's burden to prove continuous possession for a ten-year period, we cannot say the court's finding that Appellant did not meet her burden was unsupported by substantial evidence or against the weight of the evidence. The judgment is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.

---

E.D.1995) (holding that pasturing livestock, placing a well, fencing, removing timber, and hunting and fishing on a tract was sufficient to show actual and exclusive possession); *Crowley v. Whitesell*, 702 S.W.2d 127, 128 (Mo.App. S.D.1985) (holding that fencing, bush hogging once or twice a year, running cattle on and selling timber from a tract was enough to demonstrate actual possession); *Elliott v. West*, 665 S.W.2d 683, 690–92 (Mo. App. S.D.1984) (holding that fencing a tract, pasturing livestock on it, removing timber from it once, and hunting and fishing on it was sufficient to show adverse possession).